# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**JASON BROOKINS,**                                                                              **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 2:17-CV-60-KS-MTP**

**LAWRENCE COUNTY SCHOOL**
**DISTRICT,** *et al.*                                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** Defendants' Motion for Judgment on the Pleadings [12]. Specifically, the Court grants the motion as to Plaintiff's Title VII claims against Defendants Turner and Fairburn in their individual capacities, but the Court denies the motion as to Plaintiff's claims of racial discrimination under Sections 1981 and 1983, and claim of First Amendment retaliation under Section 1983.

## I. BACKGROUND

This is an employment discrimination case. Plaintiff was a teacher employed by Defendant, the Lawrence County School District. Defendant Darrell Turner is the principal of Lawrence County High School, and Defendant Tammy Fairburn is the Superintendent of the District.

Plaintiff alleges that Defendants engaged in a series of discriminatory and retaliatory actions against him because he complained about racial discrimination against African-American teachers and students. Among other things, he alleges that

Defendants suspended him without pay, formally reprimanded him, instituted false charges against him, threatened him when he asserted his due process rights, prevented him from traveling for work, refused to accept his office referrals for disruptive student behavior, permitted students to sexually harass him, restricted his classroom internet access, refused to address his concerns regarding another teacher's discriminatory treatment of his son, threatened to follow him and his wife home, and generally treated him more harshly than they did similarly situated white teachers. Plaintiff claims that he was constructively discharged, having resigned because of Defendant's actions.

Plaintiff asserted claims of racial discrimination and retaliation under Title VII, racial discrimination under 42 U.S.C. §§ 1981 and 1983, and First Amendment retaliation under 42 U.S.C. § 1983. He also asserted the following state-law claims: breach of contract, libel, and slander. Defendants Fairburn and Turner filed a Motion for Judgment on the Pleadings [12], which the Court now addresses.

## II. STANDARD OF REVIEW

A "motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the

2

speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### III. DISCUSSION

#### A. *Title VII Discrimination and Retaliation*

First, Defendants argue that the Court should dismiss the Title VII claims against them because they were not Plaintiff's employer. Plaintiff did not respond to this argument.

"An 'employer' under Title VII is a 'person in an industry affecting commerce who has fifteen or more employees . . . ." *Oden v. Oktibbeha County*, 246 F.3d 458, 465 (5th Cir. 2001) (quoting 42 U.S.C. § 2000e(b)). This definition "includes one or more individuals, governments, governmental agencies, [or] political subdivisions . . . ." 42 U.S.C. § 2000e(a). Accordingly, a supervisor may be "considered an 'employer' under Title VII if he wields the employer's traditional rights, such as hiring and firing." *Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir. 1998). But if the supervisor exercises such power in their official – rather than individual – capacity, it "is necessarily

3

exercised . . . by a person who acts as an agent of the corporate or municipal body he represents. Because the wrongful acts are performed in his official capacity, any recovery . . . must be against him in that capacity, not individually." *Id.*[1] Therefore, Defendants Turner and Fairburn can not be liable in their individual capacities under Title VII.

## B. Section 1981 – Discrimination

Next, Defendants argue that they are entitled to qualified immunity from liability for Plaintiff's claim of racial discrimination under Section 1981, and that Plaintiff did not plead sufficient facts to satisfy the heightened pleading standard applicable in qualified immunity cases.

Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). "[T]he term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C.

---

[1] *See also Oden*, 246 F.3d at 464-65; *Lewis v. Hardy*, 248 F. App'x 589, 592-93 (5th Cir. 2007); *Cutrer v. McMillin*, No. 3:07-CV-701-TSL-JCS, 2008 U.S. Dist. LEXIS 53393, at *3-*4 (S.D. Miss. July 14, 2008); *Jordan v. Miss. Dep't of Health*, No. 3:06-CV-233-WHB-LRA, 2007 U.S. Dist. LEXIS 60317, at *9-*11 (S.D Miss. Aug. 16, 2007); *Broussard v. Lafayette Consol. Gov't*, 45 F. Supp. 3d 553, 579 (W.D. La. 2014); *Gallentine v. Hous. Auth.*, 919 F. Supp. 2d 787, 796 (E.D. Tex. 2013).

4

§ 1981(b). To state a claim of racial discrimination under 42 U.S.C. § 1981, Plaintiff must allege "(1) that he is a racial minority; (2) that the defendant intended to discriminate against him on the basis of race; and (3) that the discrimination concerns one or more of the activities enumerated in the statute." *Wesley v. Gen. Drivers, Warehousemen & Helpers Local 745*, 660 F.3d 211, 213 (5th Cir. 2011).

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). "Although nominally a defense, the plaintiff has the burden to negate the defense once properly raised." *Poole v. Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

Qualified immunity can be raised at either the pleading or summary judgment stage of litigation. When it is raised at the pleading stage, "[h]eightened pleading" is required. *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). The plaintiff must provide "allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Id.* Plaintiffs must "rest their complaint on more than conclusions alone and plead their case with precision and factual specificity." *Nunez v. Simms*, 341 F.3d 385, 388 (5th Cir. 2003). In other words, a "plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. Leblanc*, 691 F.3d 645, 648

(5th Cir. 2012). The plaintiff must "speak to the factual particulars of the alleged actions, at least when those facts are known to the plaintiff and are not peculiarly within the knowledge of defendants." *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995).

There are two steps in the Court's analysis. First, the Court determines whether the plaintiff alleged sufficient facts to state a claim that the defendant's "conduct violates an actual constitutional right." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Second, the Court must "consider whether [the defendant's] actions were objectively unreasonable in the light of clearly established law at the time of the conduct in question." *Id.*

Defendants Fairburn and Turner argue that Plaintiff did not plead sufficient facts to satisfy the heightened pleading standards applicable when qualified immunity is invoked. Accordingly, Defendants contend that Plaintiff should be required to file a Rule 7(a) reply, as instructed by *Schultea*, 47 F.3d at 1432. *See also* FED. R. CIV. P. 7(a)(7). Alternatively, Defendants argue that the Court should only permit immunity-related discovery until the specifics of Plaintiff's Section 1981 claim have been determined.

Plaintiff made the following specific factual allegations against Defendants Turner and Fairburn in his Complaint [1]:

- Plaintiff alleged that when he complained about the District's failure to comply with a federal consent decree regarding its hiring practices, Turner and Fairburn – final policy makers with regard to the District's employment practices – ignored his complaints and continued the District's discriminatory hiring practices. Complaint

6

at 5, *Brookins v. Lawrence County Sch. Dist.*, No. 2:17-CV-60-KS-MTP (S.D. Miss. Apr. 27, 2017), ECF No. 1.

- Plaintiff alleged that Turner and Fairburn ignored his complaints about discriminatory administration of discipline toward his son, a student in the District. *Id.*

- Plaintiff alleged that Turner and Fairburn responded to his complaints with a "campaign of racial harassment, retaliation, and discrimination . . . ." *Id.* at 6.

- Plaintiff alleged that Turner and Fairburn suspended him without pay and formally reprimanded him based on false charges that he provided students a computer that contained pornographic images. *Id.*

- Plaintiff alleged that Turner and Fairburn falsely charged him with failing to report rumors, despite there being no such policy. *Id.*

- Plaintiff alleged that Turner and Fairburn falsely charged him with verbally intimidating students. *Id.*

- Plaintiff alleged that Turner and Fairburn suspended him without pay and formally reprimanded him without hearing his version of events. *Id.* at 7.

- Plaintiff alleged that Turner responded to his stated intention to expose the District's discriminatory practices with threats. *Id.*

- Plaintiff alleged that Turner and Fairburn disallowed him from attending conferences or traveling within the district. *Id.*

- Plaintiff alleged that Turner refused to accept his office referrals for disruptive classroom behavior. *Id.* at 8.

- Plaintiff alleged that Turner "openly allowed" students to refer to him as "Mrs. Brookins" and to disrupt the classroom. *Id.*

- Plaintiff alleged that Fairburn restricted his internet access. *Id.*

- Plaintiff alleged that Fairburn harassed his wife by refusing to

- respond to her inquiries or train her in her job duties. *Id.* at 8-9.

- Plaintiff alleged that Fairburn and Turner directed a member of the District to threaten to follow him and his wife home as part of the District's investigation of Plaintiff. *Id.* at 9.

- Plaintiff alleged that Turner and Fairburn interrogated him about his legal representation, required him to pay for his own work-related travel, encouraged students to harass him, refused access to his employment records, and induced colleagues to testify falsely against him regarding allegations of "indecency to a child." *Id.*

- Plaintiff alleged that Turner responded to complaints about his son's teacher's performance by threatening his wife's employment. *Id.*

- Plaintiff alleged that a District employee admitted at a due process hearing that Fairburn had tasked her with finding Plaintiff guilty of a violation of District policy, rather than determining whether he was guilty of a violation. *Id.* at 10.

- Plaintiff alleged that Fairburn admitted at the due process hearing that there was actually no investigation during his suspension without pay, and that similarly situated white teachers had engaged in more severe misconduct without any form of discipline. *Id.*

- Plaintiff alleged that all of these actions were because of his race, and that he was treated less favorably than similarly situated white employees. *Id.* at 12.

- Plaintiff alleged that he was constructively discharged, and replaced by a white teacher. *Id.* at 11.

- Plaintiff alleged that Turner falsely charged him with policy violations but ignored credible allegations of wrongdoing by white teachers. *Id.* at 13.

- Plaintiff alleged that Fairburn and Turner "admitted that they had engaged in an unnecessarily protracted 'investigation' . . . that ultimately served as a reminder of their intention to fire [him] if he did not resign voluntarily." *Id.* at 13-14.

8

In the Court's opinion, these allegations are sufficient to state a claim of racial discrimination under Section 1981. Plaintiff alleged specific events and discriminatory conduct relevant to each Defendant, providing them with sufficient notice of the nature of Plaintiff's claims against them. The facts, as alleged, state a claim of racial discrimination under Section 1981 against each individual Defendant – even under the heightened pleading standard applicable in qualified immunity cases.

C.   *Section 1983 – Discrimination*

Defendants also argue that they are entitled to qualified immunity against liability for Plaintiff's claim of racial discrimination under Section 1983, that Plaintiff did not plead sufficient facts to satisfy the heightened pleading standard applicable in qualified immunity cases, and that Plaintiff alleged no "direct evidence" of discriminatory intent by either Defendant.

"Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 411 (5th Cir. 2015). "One such federal right is conferred by the Equal Protection Clause, which prohibits a state from 'denying to any person within its jurisdiction the equal protection of the laws.'" *Id.* at 412 (quoting U.S. Const. amend. XIV, § 1). Therefore, "to state a claim of racial discrimination under the Equal Protection Clause and section 1983, the plaintiff must allege . . . that he or she received treatment different from that received by similarly situated individuals and that (2) the unequal treatment stemmed from a discriminatory intent." *Id.* (quoting *Priester v. Lowndes County*, 354 F.3d 414, 424 (5th Cir. 2004)).

9

> To establish discriminatory intent, a plaintiff must show that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group. Allegations of discriminatory intent that are merely conclusory, without reference to specific facts, will not suffice.

*Id.*

In the Court's opinion, the allegations listed above are sufficient to state a claim of racial discrimination under Section 1983, even under the heightened pleading standard applicable in qualified immunity cases. Plaintiff alleged specific conduct and events relevant to each individual Defendant. He also specifically alleged that their actions were because of his race, that they treated similarly situated white teachers more favorably, and that Plaintiff was replaced by a white teacher after his constructive discharge. Even if Plaintiff has not pleaded facts which, if proven to be true, would provide direct evidence of discriminatory intent, he has certainly pleaded facts from which one could reasonably infer discriminatory intent.

### D.  *Section 1983 – First Amendment*

Finally, Defendants argue that they are entitled to qualified immunity against liability for Plaintiff's claim that they violated his First Amendment rights by retaliating against him because of his protected speech. "The First Amendment prohibits not only direct limits on individual speech but also adverse governmental action against an individual in retaliation for the exercise of protected speech activities." *McLin v. Ard*, 866 F.3d 682, 696 (5th Cir. 2017). To state a claim of First Amendment retaliation under Section 1983, Plaintiff must allege facts that demonstrate: "(1) he suffered an adverse employment action; (2) he spoke as a citizen

10

on a matter of public concern; (3) his interest in the speech outweighs the government's interest in the efficient provision of public services; and (4) the speech precipitated the adverse employment action." *Anderson v. Valdez*, 845 F.3d 580, 590 (5th Cir. 2016).

First, Defendants argue that Plaintiff did not plead any specific facts demonstrating that their alleged actions were because of his speech. The Court disagrees. In *Anderson*, the Fifth Circuit held that a plaintiff sufficiently pleaded a First Amendment retaliation claim when he alleged that a public official knew of the speech at issue, and that the alleged adverse employment actions were because of the speech. *Id.* at 590-92. Here, Plaintiff alleged that he directly complained to Defendants about their alleged discriminatory practices and failure to comply with a federal consent decree, that Defendants then began the campaign of harassment detailed in the allegations listed above, and that Defendants' actions were because of his complaints.

Next, Defendants argue that Plaintiff did not plead facts demonstrating that they personally participated in the alleged constitutional violations. The Court rejects this argument for the same reasons listed above. The list of allegations above contains numerous allegations regarding the personal involvement of each Defendant.

Finally, Defendants argue that Plaintiff did not plead facts demonstrating that he spoke as a private citizen on a matter of public concern, rather than as an employee in an internal employment dispute. Indeed, "speech *made pursuant to a public employee's official duties*" is not protected by the First Amendment. *Id.* at 593 (citing

*Garcetti v. Ceballos*, 547 U.S. 410, 419, 126 S. Ct. 1951, 164 L. Ed. 2d (2006)). But "a public employee does not speak pursuant to his official duties merely because he speaks while *at* work. Likewise, a public employee does not speak pursuant to his official duties because he speaks *about* work." *Id.* Rather, "[t]he First Amendment protects some expressions related to the speaker's job," *Garcetti*, 547 U.S. at 421, and "a public employee does not speak pursuant to his official duties when his speech is analogous to that of a citizen's speech." *Anderson*, 845 F.3d at 594.

Plaintiff alleged that he complained to Defendants Turner and Fairburn about racial discrimination against African-American teachers and their refusal to comply with a federal consent decree. Complaint [1], at 4-5. These are matters of public concern. *Charles v. Grief*, 522 F.3d 508, 515 (5th Cir. 2008); *Victor v. McElveen*, 150 F.3d 451, 455-56 (5th Cir. 1989). Moreover, it does not appear, based on the allegations of the Complaint [1], that the speech was pursuant to Plaintiff's official duties. Therefore, Plaintiff alleged that he spoke as a private citizen on a matter of public concern.

## IV. C<small>ONCLUSION</small>

For these reasons, the Court **grants in part and denies in part** Defendants' Motion for Judgment on the Pleadings [12]. Specifically, the Court grants the motion as to Plaintiff's Title VII claims against Defendants Turner and Fairburn in their individual capacities, but the Court denies the motion as to Plaintiff's claims of racial discrimination under Sections 1981 and 1983, and claim of First Amendment

retaliation under Section 1983. The Court directs the parties to contact the chambers of the Magistrate Judge to schedule a case management conference.

SO ORDERED AND ADJUDGED this 19th day of October, 2017.

          ____/s/ Keith Starrett_____
          KEITH STARRETT
          UNITED STATES DISTRICT JUDGE